IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| ROBERT W. JOHNSON,<br><br>Plaintiff,<br><br>v.<br><br>HAWAII FINANCIAL & FOOD STAMPS OFFICE,<br><br>Defendant. | CIV. NO. 24-00361 JMS-WRP<br><br>ORDER (1) GRANTING APPLICATION TO PROCEED IN FORMA PAUPERIS, ECF NO. 4; AND (2) DISMISSING COMPLAINT, ECF NO. 1, WITH LEAVE TO AMEND |

**ORDER (1) GRANTING APPLICATION TO PROCEED IN FORMA PAUPERIS, ECF NO. 4; AND (2) DISMISSING COMPLAINT, ECF NO. 1, WITH LEAVE TO AMEND**

## I. INTRODUCTION

On August 22, 2024, pro se Plaintiff Robert W. Johnson ("Plaintiff") filed a Complaint against the Hawaii Financial & Food Stamps Office ("Defendant"). ECF No. 1. That same day, Plaintiff also filed an Application to Proceed in District Court Without Prepaying Fees or Costs ("IFP Application"). ECF No. 4. For the reasons that follow, the court GRANTS the IFP Application, and DISMISSES the Complaint with leave to amend.

## II. IFP APPLICATION

Federal courts may authorize the commencement of any suit without prepayment of fees or security by a person who submits an affidavit that includes a

statement of all assets the person possesses, demonstrating that he is unable to pay such costs or give such security.  *See* 28 U.S.C. § 1915(a)(1).  "An affidavit in support of an IFP application is sufficient where it alleges that the affiant cannot pay the court costs and still afford the necessities of life."  *Escobedo v. Applebees*, 787 F.3d 1226, 1234 (9th Cir. 2015) (citing *Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 339 (1948)).

When reviewing a motion pursuant to § 1915(a), the court must determine whether the plaintiff has alleged poverty "with some particularity, definiteness and certainty."  *Id.* (citing *United States v. McQuade*, 647 F.2d 938, 940 (9th Cir. 1981)).  Although § 1915(a) does not require a litigant to demonstrate "absolute[] destitut[ion]," *Adkins*, 335 U.S. at 339, the applicant must nonetheless show that he or she is "unable to pay such fees or give security therefor."  28 U.S.C. § 1915(a)(1).

The court has reviewed Plaintiff's IFP application and determines that he has made the required showing under 28 U.S.C. § 1915(a) to proceed in forma pauperis (i.e., without prepayment of fees).  The court, thus, grants Plaintiff's IFP application.

### III.  BACKGROUND

Plaintiff attempts to assert a 42 U.S.C. § 1983 claim against Defendant, setting forth claims for "discrimination[], civil rights violations and due

2

process violations." ECF No. 1 at PageID.3. He alleges that on December 29, 2023,[1] he "was discriminated against for benefits due to his race, sex, education, financial status, retaliation and disability and reserves all rights for appeals and exhaustion of administrative remedies available." *Id.* at PageID.4. His explanation—under § 1983—as to "how each defendant acted under color of state or local law" is "to be determined." *See id*. (indicating "tbd"). Plaintiff seeks monetary damages as follows: $1,000,000.00 for "discrimination violations"; $2,000,000.00 for punitive damages; and $2,000,000.00 for "future expenses and fees." *Id*. at PageID.5. He seeks no injunctive relief.

## IV.  STATUTORY SCREENING

The court must screen each civil action commenced under 28 U.S.C. § 1915(a) and order the dismissal of any complaint that is "frivolous or malicious; . . . fails to state a claim on which relief may be granted; or . . . seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B); *see also Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (en banc) (stating that § 1915(e) "not only permits but requires" the court to dismiss sua sponte an IFP complaint that fails to state a claim); *Calhoun v. Stahl*, 254 F.3d

---

[1] The Complaint lists "12/29/2024" as the date giving rise to the claim, but a "Claim for Damage, Injury, or Death" that Plaintiff included as part of the Complaint provides a date of "12/29/2023" (as the "Date and Day of Accident"). *See* ECF No. 1 at PageID.7. The court assumes that Plaintiff means December 29, 2023—not 2024—as the date giving rise to his claims.

3

845, 845 (9th Cir. 2001) (per curiam) (holding that "the provisions of 28 U.S.C. § 1915(e)(2)(B) are not limited to prisoners").

A "frivolous" case has been defined as one which is based upon an indisputably meritless legal theory, *see Anders v. California*, 386 U.S. 738, 744 (1967), and *Denton v. Hernandez*, 504 U.S. 25, 33 (1992), or lacks "an arguable basis either in law or fact," *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Likewise, a complaint fails to state a compensable claim, and therefore should be dismissed, when—viewing the well-pleaded factual allegations in the complaint as true and in the light most favorable to the plaintiff—the complaint does not contain "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The Supreme Court further clarified the "plausibility" standard in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), stating that "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id*. at 678.

Plaintiff is appearing pro se; consequently, the court liberally construes the Complaint and resolves all doubts in Plaintiff's favor. *See Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010); *see also Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (explaining that "a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers"); *Eldridge v. Block*, 832 F.2d 1132, 1137 (9th Cir. 1987) (per curiam). The court

also recognizes that "[u]nless it is absolutely clear that no amendment can cure the defect, . . . a pro se litigant is entitled to notice of the complaint's deficiencies and an opportunity to amend prior to dismissal of the action." *Lucas v. Dep't of Corr.*, 66 F.3d 245, 248 (9th Cir. 1995); *see also Crowley v. Bannister*, 734 F.3d 967, 977–78 (9th Cir. 2013).  When a claim cannot be saved by amendment, dismissal with prejudice is appropriate.  *See Sylvia Landfield Tr. v. City of Los Angeles*, 729 F.3d 1189, 1196 (9th Cir. 2013).

## V.   DISCUSSION

The court must first determine whether the named Defendant—"Hawaii Financial & Food Stamps Office"—is a State of Hawaii or City & County of Honolulu entity.  It appears that, in the State of Hawaii, issues relating to food stamps (or SNAP benefits) fall under the State of Hawaii Department of Human Services, a state agency.  *See* Department of Human Services, Benefit, Employment & Support Services, Hawaii Financial and SNAP Benefits Rights and Responsibilities, https://humanservices.hawaii.gov/bessd/fnsrandr/ [https://perma.cc/NHU9-WEMD]; *see also* ECF No. 1 at PageID.2 (indicating Defendant's location at 601 Kamokila Blvd., Suite 106, Kapolei, Hawaii—which is a State of Hawaii office building).  The court thus construes the Complaint as brought against the State of Hawaii Department of Human Services.  So construed, the Complaint is barred by the Eleventh Amendment.

"The Eleventh Amendment bars suits for money damages in federal court against a state, its agencies, and state officials acting in their official capacities." *Aholelei v. Dep't of Pub. Safety*, 488 F.3d 1144, 1147 (9th Cir. 2007) (citation omitted); *see also Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 101–03 (1984). As to claims against a state itself, "[t]he Eleventh Amendment jurisdictional bar applies regardless of the nature of relief sought," absent unequivocal consent by the state. *Krainski v. Nevada ex rel. Bd. of Regents of Nev. Sys. of Higher Educ.*, 616 F.3d 963, 967 (9th Cir. 2010). "Hawaii has not unequivocally waived its sovereign immunity," *Thompson v. Paleka*, 2017 WL 5309608, at *4 (D. Haw. Nov. 13, 2017), and Congress has not overridden that immunity for civil rights actions brought pursuant to 42 U.S.C. § 1983. *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 66 (1989).

"A suit against state officials in their official capacities is the same as a suit against the state itself and therefore is subject to the Eleventh Amendment." *McNally v. Univ. of Haw.*, 780 F. Supp. 2d 1037, 1055 (D. Haw. 2011) (citing *Kentucky v. Graham*, 473 U.S. 159, 166–67 (1985)); *see also Makanui v. Dep't of Educ.*, 6 Haw. App. 397, 406, 721 P.2d 165, 171–72 (1986) ("Hawaii, its agencies, and its officers and agents in their official capacities are immune from and cannot be held liable for claims for money damages for violation of constitutional rights under § 1983.") (citation and footnote omitted). Thus, unless the state has

unequivocally waived its sovereign immunity[2] or Congress "exercises its power under the Fourteenth Amendment to override the immunity, the state, its agencies, and its officials (acting in their official capacities) are immune[3] from suit under the Eleventh Amendment." *McNally*, 780 F. Supp. 2d at 1055.  In sum, claims against the State of Hawaii Department of Human Services are DISMISSED with prejudice.

Nonetheless, because Plaintiff is being afforded an opportunity to amend the Complaint, if possible, the court provides Plaintiff with some limited background as to the sort of information a Complaint must contain to state a claim.

---

[2] Hawaii has not waived its Eleventh Amendment immunity.  *See, e.g.*, *Sherez v. State of Haw. Dep't of Educ.*, 396 F. Supp. 2d 1138, 1142 (D. Haw. Sept. 1, 2005).  Hawaii has waived its sovereign immunity as to the torts of its employees.  *See* State Tort Liability Act, Haw. Rev. Stat. ch. 662.  This waiver, however, only applies to suits brought in state court and, by itself, does not constitute a waiver of Eleventh Amendment immunity.  *McNally*, 780 F. Supp. 2d at 1059.  Further, Congress has not acted to override Eleventh Amendment immunity for claims for money damages like those Plaintiff asserts.  *Id.* at 1056 ("[T]he Eleventh Amendment bars [plaintiff's] money damage claims unless Congress abrogates that immunity.  Congress has not done so.").

[3] An exception to this immunity is the doctrine of *Ex parte Young*, which provides that a plaintiff may maintain a suit for prospective injunctive relief against a state official in his or her official capacity when that suit seeks to correct an ongoing violation of the Constitution or federal law.  *Ex parte Young*, 209 U.S. 123, 159–60 (1908).  Whether the *Ex parte Young* doctrine applies turns on the question of whether the relief the plaintiff seeks is prospective, aimed at remedying an ongoing violation of federal law, or it is retrospective, aimed at remedying a past violation of the law.  *Cardenas v. Anzai*, 311 F.3d 929, 935 (9th Cir. 2002).  Under *Ex parte Young*, the requests for relief in the Complaint that seek declaratory and/or injunctive relief can only be brought against a state official, and this does not apply to the State or any named state agencies.  *See, e.g.*, *Nat'l Audubon Soc'y, Inc. v. Davis*, 307 F.3d 835, 847 (9th Cir.), *opinion amended on denial of reh'g*, 312 F.3d 416 (9th Cir. 2002) (holding "two state agencies [were] immune from suit because they are state entities, not individual state officers.").  As pled, the Complaint does not seek equitable or injunctive relief; hence, *Ex parte Young* is inapplicable here.

Section 1983 provides a cause of action by one who has been deprived of constitutional rights by another person acting under color of state law:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State . . . subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured . . . .

42 U.S.C. § 1983.  A defendant has acted under color of state law where that defendant has "exercised power 'possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law.'" *West v. Atkins*, 487 U.S. 42, 49 (1988) (quoting *United States v. Classic*, 313 U.S. 299, 326 (1941)); *see also Brunette v. Humane Soc'y of Ventura Cnty.*, 294 F.3d 1205, 1209 (9th Cir. 2002) ("Whether a private party engaged in state action is a highly factual question.").

Section 1983 requires a connection or link between a defendant's actions and the plaintiff's alleged deprivation.  *See Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 692 (1978); *Harper v. City of Los Angeles*, 533 F.3d 1010, 1026 (9th Cir. 2008) ("In a § 1983 action, the plaintiff must also demonstrate that the defendant's conduct was the actionable cause of the claimed injury.").  "A person 'subjects' another to the deprivation of a constitutional right, within the meaning of section 1983, if he does an affirmative act, participates in another's affirmative

acts, or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." *Lacey v. Maricopa Cnty.*, 693 F.3d 896, 915 (9th Cir. 2012) (quoting *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978)). To survive screening, Plaintiff must allege facts permitting a plausible inference that he has suffered deprivation of a constitutional right, within the meaning of § 1983, and that the violation was committed by a person acting under color of state law.[4]  "[N]either a State nor its officials acting in their official capacities are 'persons' under § 1983." *Will*, 491 U.S. at 71.

## VI.  LEAVE TO AMEND

Consequently, the court DISMISSES the Complaint with leave to amend.  Normally, "[u]nless it is absolutely clear that no amendment can cure the defect . . . a pro se litigant is entitled to notice of the complaint's deficiencies and an opportunity to amend prior to dismissal of the action." *Lucas v. Dep't of Corr.*, 66 F.3d 245, 248 (9th Cir. 1995); *see also Lopez*, 203 F.3d at 1126–27.  Here, the court seriously doubts whether an amendment could cure the defects identified in this Order.  Nevertheless, given Plaintiff's pro se status, the court will give Plaintiff leave to file an amended complaint.  If Plaintiff chooses to file an

---

[4]  The Complaint also lists an attorney, "WILLIE JOHNSON ESQ" of Buffalo New York with Bar Number "999999."  According to the clerk's office, there is no "Willie Johnson" admitted to practice law in this court.  Plaintiff is informed that only attorneys admitted to practice law in this court may represent him going forward.

9

amended complaint against state officials in their personal capacity, or under the *Ex Parte Young* doctrine, he must clearly state: (1) the name of each defendant who violated the constitutional or statutory right he believes was violated; (2) how each defendant has injured him; and (3) the relief he seeks as to that defendant. In other words, Plaintiff must list each defendant and explain to the court what it is that each defendant did or failed to do, and the specific injury that Plaintiff suffered as a result. If Plaintiff fails to affirmatively link the conduct of each defendant with the specific injury he suffered, the allegations against each Defendant will be dismissed for failure to state a claim.

Plaintiff must clearly designate on the face of the document that it is the "First Amended Complaint." The first amended complaint must be retyped or legibly rewritten in its entirety and may not incorporate any part of the original Complaint by reference. Any cause of action not raised in the first amended complaint is waived. *See King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987).

## VII.  CONCLUSION

For the foregoing reasons, the court GRANTS Plaintiff's IFP Application, ECF No. 4, and DISMISSES the Complaint, ECF No. 1, WITH LEAVE TO AMEND. Plaintiff is granted leave to amend as described in this order by **October 4, 2024**. Failure to file an amended complaint by **October 4, 2024**, will result in automatic dismissal of this action.

IT IS SO ORDERED.

DATED: Honolulu, Hawaii, September 4, 2024.



/s/ J. Michael Seabright
J. Michael Seabright
United States District Judge

*Johnson v. Hawaii Financial & Food Stamps Office*, Civ. No. 24-00361 JMS-WRP, Order (1) Granting Application to Proceed In Forma Pauperis, ECF No. 4; and (2) Dismissing Complaint, ECF No. 1, With Leave to Amend